No. 360
MOSER v. SIMMONS
No. 18905—Supreme Court
On motion to direct Knox Appeals to certify. the record. Dock. Jan. 14, 1925, 3 Abs. 34.

257. COMMISSIONS—Must entire first payment of purchase price be first paid in, to make them accrue?

In the Knox Common Pleas, Moser sought to recover as part of damages for a breach of contract, $300, held by C. E. Simmons as a part of the down payment on the purchase price of a farm. It seems that C. H. Schindler was the proposed purchaser of the farm and under the terms of the contract, the $300 was to be applied as damages in case the contract was not fulfilled. Simmons was alleged to have this sum, by consent of the parties, in accordance with the agreement.

Simmons claimed he acted as agent in this transaction for one Masters, that said agency was known to Moser, and that the $300 was paid to him as such agent. He also claimed that Moser and Masters entered into a contract of employment wherein Masters was to procure a purchaser for the farm; Moser agreed to pay 5% of the purchase price of said farm to Masters as commission; that the $300 was paid to him as agent for Masters, to be applied to the payment of the commission. Simmon declared that he requested Moser to bring an action in specific performance against Schindler, but this Moser refused to do.

Moser claimed that under the contract the commissions were to be paid out of the first cash payment, at the sale and not the contract of sale. The cash payment was intended by the parties as being $3000 as expressed in the contract; and since it was never paid the commission was not due Masters. The Common Pleas rendered judgment in favor of Simmons; and the judgment was affirmed by the Court of Appeals.

The question before the Supreme Court is: Did the lower courts construe the contracts contrary to the intention of the parties?

Attorneys—Burch B. Ferenbaugh, Buckeye City, for Moser; Columbus Ewalt and Barton W. Blair, Mt. Vernon, for Simmons.

---

No. 361
ROLF, Admr. v. HEIL
No. 18841—Supreme Court
On motion to direct Cuyahoga Appeals to certify record. Dock. Nov. 29, 1924, 3 Abs. 754. OA. 2 Abs. 759.

599. NEW TRIALS—Is Sec. 11577 GC., providing in part that, "the same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case," constitutional?

Andrew Heil recovered $12,000 in the Cuyahoga Common Pleas as damages for injuries alleged to have been sustained by him in a collision with a truck driven by William Roth, owned by Hazel Roth, administratrix, of the estate of Wm. Rolf, deceased. Rolf was granted a motion for a new trial and the jury returned a verdict in favor of Heil for $16,250. A judgment was rendered on such verdict. Error was prosecuted and the Court of Appeals affirmed the judgment of the Common Pleas, Heil agreeing to a remitittur of $6,250, it being considered that a second new trial was barred. One member of the Court of Appeals dissented, however.

In bringing this case before the Supreme Court Rolf asks the Court to overrule the decision in Cleveland Railway Co. v. Trendel, 101 OS 316, which interprets 11577 GC to mean that the Court of Appeals shall not have Appellate jurisdiction to review or reverse where that court has once granted a new trial upon the same ground. Rolf contends that the interpretation given 11577 GC is in direct conflict with the jurisdiction conferred upon the Court of Appeals by the State Constitution.

In the lower court Rolf had introduced evidence tending to prove contributory negligence on the part of Heil. The dissenting judge in the Court of Appeals, in his opinion, said that all this showed passion and prejudice on the part of the jury and the return of damages for the injuries sustained did likewise.

Rolf alleges that the trial judge though disapproving the verdict of the jury in the second trial, was powerless to act because of 11577 GC.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, C. Horn for Rolf; Payer, Winch, Minshall and Karch for Heil; all of Cleveland.

---

PARAGRAPH INDEX
To points presented in additional cases Pending in Supreme Court.

798...MUNICIPAL COURTS. .. .. ........
Creation of by legislative action questioned —amendment of charter as to naming Judge by City Commission. State ex v. Hutsinpiller, In Quo. warranto. Dock., 19039, 3-25-25, 3 Abs. 214.

480. EVIDENCE.
Use of inviting photographs of prosecutrix, in prosecution for assault with intention to commit rape, to show consent or invitation, or for impeachment. Grossweiler v. State—Motion to file pet. err. to Stark Appeals, No. 18956, Dock. 2-10-25, 3 Abs. 98.

147. BILLS AND NOTES.—887. PARTIES.
Making regular collection of interest on a mortgage note not an inference of authority to collect principal.
Dismissal of those defendants against whom no affirmative relief is asked, not prejudicial error.
Wiley v. Holsapple—motion to certify to Darke Appeals, No. 19029, Dock. 3-19-25, 3 Abs. 198.

710. LIENS.
Can judgment for alimony be made lien on lands in another county. Klotz v. Klotz—motion to certify to Ottawa Appeals, No. 19031, Dock. 3-19-25, 3 Abs. 198.